**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SCOTT MISSAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01286 |
| | ) | |
| WIN BEAUTY SOLUTIONS, INC., LIFE OF | ) | Honorable Paul L. Maloney |
| RILEY SALON SUPPLY, LLC, | ) | |
| CHRISTOPHER BRENES, AND | ) | |
| SCOTT JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the Federal Rules of Civil Procedure Rule 26(c), and in anticipation of producing or otherwise revealing certain documents and other information in the course of discovery in the above-referenced matter (the "Litigation"), Plaintiff Scott Missad and Defendants Win Beauty Solutions, Inc., Life of Riley Salon Supply, LLC, Christopher Brenes, and Scott Jensen (collectively, the "Parties") stipulate to the entry of this Protective Order (the "Order"), which shall govern the production of Confidential Information (as defined herein):

1.    **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by

FP 61492632.3

the producing Party that falls within at least one (1) of the following categories:

(a)  information prohibited from disclosure by statute;

(b)  information that reveals trade secrets, including but not limited to client lists;

(c)  research, technical, commercial or financial information that the Party has maintained as confidential, including but not limited to current or past (to the extent they reflect on current) methods, procedures, and processes relating to the disclosing Party's respective business practices and/or proprietary technology;

(d)  medical information concerning any individual;

(e)  personal identity information;

(f)  income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(g)  personnel or employment records of a person who is not a Party to the case; or

(h)  other confidential information the disclosure of which is likely to cause competitive, financial, or commercial injury to the disclosing Party.

Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Designation.**

(a)  A Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the

time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order. An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one (1) state. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation

4.      **Depositions**. Deposition testimony is protected by this Order if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. A Party may also designate certain deposition testimony as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if, within thirty (30) days after delivery of the transcript, a designating Party serves a Notice of Designation to all Parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony

FP 61492632.3

as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

     5.      **Protection of Confidential Material**.

     (a) General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this Litigation, including any appeal thereof.

     (b) Limited Third-Party Disclosures. The Parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    i.   Counsel. Counsel for the Parties and employees of counsel who have responsibility for this Litigation;

    ii.   Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Litigation in which the information is disclosed;

    iii.   The Court and its personnel;

    iv.   Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    v.   Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    vi.   Consultants and Experts. Consultants, investigators, or experts employed by the Parties or their Counsel to assist in the preparation and trial of this Litigation but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    vii.   Witnesses at depositions. During their depositions, witnesses in this Litigation to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except

witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii.   Author or recipient. The author or recipient of the document (not including a person who received the document in the course of Litigation); and

ix.   Others by Consent. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

x.   Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6.      **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Party designates a document as Confidential Information after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential

Information in connection with a motion, brief or other submission to the Court must comply with LCivR 10.6.

8.        **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

9.        **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge:

(a) <u>Meet and Confer</u>. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

(b) <u>Court Intervention</u>. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must include a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

FP 61492632.3

10.    **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at a hearing.

11.    **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing shall bring that issue to the Court's and Parties' attention by motion or in a prehearing memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Ligation as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or the court order.

(b) The receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other litigation that caused the subpoena to issue.

FP 61492632.3

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Litigation to disobey a lawful directive from another court. The obligations set forth in this Paragraph remain in effect while the Party has, in its possession, custody or control, Confidential Information by the other Party to this case.

13. **Obligations on Conclusion of Litigation**.

(a) <u>Order Continues in Force</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Obligations at Conclusion of Litigation</u>. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing Party or destroyed unless: (i) the document has been offered into evidence or filed without restriction as to disclosure; or (ii) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

(c) <u>Retention of Work Product and One Set of Filed Documents</u>. Notwithstanding the above requirements to return or destroy documents, counsel may retain (i) attorney work product, including an index that refers or relates to designated Confidential Information, and (ii) one (1) complete set of all documents filed with this Court. Any retained Confidential Information shall

continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

14.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

15.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

Dated: February 25, 2026

/s/ Ray Kent
RAY KENT
United State Magistrate Judge

WE SO STIPULATE and agree to abide by the terms of this Order.

| | |
|---|---|
| */s/ E. Meaghan Clayton (with permission)* | */s/ Danica N. Hosaka* |
| Paul A. McCarthy (P47212) | Stephen R. Gee (P80673) |
| E. Meaghan Clayton (P85409) | Danica N. Hosaka (P86450) |
| RHOADES MCKEE, PC | FISHER & PHILLIPS LLP |
| 55 Campau Ave. NW, Suite 300 | 300 Park Street, Suite 370 |
| Grand Rapids, MI 49503 | Birmingham, MI 48009 |
| mccarthy@rhoadesmckee.com | (248) 540-7041 |
| mclayton@rhoadesmckee.com | sgee@fisherphillips.com |
| *Attorneys for Plaintiff* | dhosaka@fisherphillips.com |
| | *Attorneys for Defendants* |

FP 61492632.3

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT MISSAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01286 |
| | ) | |
| WIN BEAUTY SOLUTIONS, INC., LIFE OF | ) | Honorable Paul L. Maloney |
| RILEY SALON SUPPLY, LLC, | ) | |
| CHRISTOPHER BRENES, AND | ) | |
| SCOTT JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order (the "Order") dated February ___, 2026 in the above-captioned Litigation and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the Western District of Michigan in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned Litigation, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Date: _____

_____

Name: _____

Job Title: _____

FP 61492632.3

Employer: _____

Business Address: _____

_____

FP 61492632.3